**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____  Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Pandora Servicing  LLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **84-2512499** |

| | | | |
|---|---|---|---|
| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **26970 Aliso Viejo Pkwy Ste 150**<br>**Aliso Viejo, CA 92656**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Orange**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor   **Pandora Servicing  LLC**                                                   Case number (*if known*) _____
      Name

---

**7.**  **Describe debtor's business**   *A. Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

*B. Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____  ____

---

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

    District _____   When _____   Case number _____
    District _____   When _____   Case number _____

---

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

---

Debtor   **Pandora Servicing  LLC**                              Case number (*if known*) _____
       Name

| List all cases. If more than 1, attach a separate list | Debtor | | Relationship | |
|---|---|---|---|---|
| | District | When | Case number, if known | |

**11. Why is the case filed in this district?**  Check all that apply:

[✓] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

[ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

[✓] No

[ ] Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

[ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

[ ] It needs to be physically secured or protected from the weather.

[ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

[ ] Other

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

[ ] No

[ ] Yes.  Insurance agency _____
       Contact name _____
       Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**  Check one:

[✓] Funds will be available for distribution to unsecured creditors.

[ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| [✓] 1-49 | [ ] 1,000-5,000 | [ ] 25,001-50,000 |
| [ ] 50-99 | [ ] 5001-10,000 | [ ] 50,001-100,000 |
| [ ] 100-199 | [ ] 10,001-25,000 | [ ] More than100,000 |
| [ ] 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| [✓] $0 - $50,000 | [ ] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50  million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [ ] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| [ ] $0 - $50,000 | [✓] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50  million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [ ] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

Debtor    **Pandora Servicing  LLC**                                                    Case number (*if known*) _____
          Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
    of authorized
    representative of debtor    I have been authorized to file this petition on behalf of the debtor.

    I have examined the information in this petition and have a reasonable belief that the information is true and correct.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on    Jan 11, 2023
                   MM / DD / YYYY

    X _____        William Wilson
      William Wilson ( trustee) (Jan 11, 2023 19:57 MST)        Printed name
      Signature of authorized representative of debtor

    Title    **Co-Trustee of the Collaborative
             Administrative Trust**

18. **Signature of attorney**    X _____        Date  01/11/2023
                                    Signature of attorney for debtor                    MM / DD / YYYY

    **Michael Jay Berger**
    Printed name

    **Law Offices of Michael Jay Berger**
    Firm name

    **9454 Wilshire Boulevard, 6th floor
    Beverly Hills, CA 90212**
    Number, Street, City, State & ZIP Code

    Contact phone    **(310) 271-6223**        Email address    **michael.berger@bankruptcypower.com**

    **100291 CA**
    Bar number and State

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division
Case No.: 6:19-cv-1908-WWB-EJK

2022 NOV 22  PM 3: 13

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

WYNDHAM VACATION OWNERSHIP, INC. a
Delaware corporation; WYNDHAM VACATION
RESORTS, INC., a Delaware corporation,
WYNDHAM RESORT DEVELOPMENT
CORPORATION; a Oregon Corporation; SHELL
VACATIONS, LLC, an Arizona limited liability
company; SVC-AMERICANA, LLC, an Arizona
limited liability company; and SVC-HAWAII,
LLC, a Hawaii limited liability company,
Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, a
California limited liability partnership; DEL
MAR LAW GROUP, LLP, a California limited
liability partnership; CARLSBAD LAW GROUP,
LLP, a California limited liability partnership; JL
'SEAN' SLATTERY, an individual and resident
of the State of California; PANDORA
MARKETING, LLC f/k/a Timeshare
Compliance, LLC d/b/a Timeshare Compliance
and d/b/a timeshareexitcompanies.com and d/b/a
timesharecancellationreviews.com, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited liability
company; INTERMARKETING MEDIA, LLC
d/b/a Resort Advisory Group, a Wyoming limited
liability company; POWER HAUS
MARKETING INC., a California corporation;
KENNETH EDDY a/k/a Ken Eddy, an individual
and resident of the State of Oregon; RICH FOLK,
an individual and resident of the State of
California; WILLIAM WILSON a/k/a James
Wilson a/k/a Bo Wilson, an individual and
resident of the State of California; and ANDRIS
PUKKE a/k/a Marc Romeo a/k/a Andy Storm, an
individual and resident of the State of California,
Defendants.

_____/

ALLEGED DEFENDANT'S: PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, WILLIAM WILSON, TRUSTEE AND RICH FOLK, TRUSTEE'S
**AFFIDAVIT OF FACT**

William Wilson, Authorized Representative of WILLIAM WILSON, and Rich Folk, Authorized Representative of RICH FOLK, collectively, singularly, individually, jointly and severally hereinafter your "Affiant" and or "Affiant(s)" being first duly sworn, deposes and says that: All facts stated herein are true, correct and certain, to the best of my knowledge;

## STATEMENT OF FACT

1.    Your Affiant(s) are the Grantor(s)/Beneficiaries of Case No.  2:20-cv-05486-DSF-ADS , hereinafter "case";

2.    Your Affiant(s)are the Grantor(s)/Beneficiaries of Case No.  1:20-cv-24681-RNS , hereinafter "case";

3.    Your Affiant (s) are the Grantor(s)/Beneficiaries of Case No.  1:19-cv-01908-WWV-EJK , hereinafter "case";

4.    Your Affiant(s) do not conduct business within the judicial jurisdiction, do not reside in the judicial jurisdiction except as NON-RESIDENT ALIEN(s), have not committed any statutory violations in either the State, County, City, Municipal or judicial jurisdiction, nor colluded or agreed to participate in any conspiracy of any nature with anyone else, nor have your Affiant(s) been made aware of any proof to the contrary;

5.    Your Affiant(s) are professional Property Ownership and Management/Marketing consultant(s);

6.   Your Affiant(s) are not aware nor have your Affiant(s) knowingly participated in any violation of any state statute, any crimes, any torts or acts deemed as state or federal offense, nor have your Affiant(s) knowingly colluded or conspired with anyone for any reason of criminal intent or otherwise, nor are your Affiant(s) aware of any proof to the contrary;

7.   Your Affiant(s) do not know the true name of, capacity or base of liability of the alleged "Plaintiff", hereinafter "Plaintiff" and are unaware of any proof to the contrary;

8.   This unknown Plaintiff claims some right, title, estate, lien or interest in the Subject Matter, adverse to Defendant's interest;

9.   To date, your Affiant(s) are unaware of any actions to provide service or to assist consumers to successfully void, cancel, amend, or challenge the validity of Time Share Owners, (hereinafter "TSO's") "Timeshare Contract(s)" based on non disclosure of contract terms in the state Courts of California by the Plaintiff;

8.   To date, your Affiant(s) are unaware of any other way other to cancel any contract other than to repudiate said contract which may require a "TSO" to "breach the contract" based on the information and belief, advice and or instruction by a licensed attorney nor have your Affiant(s) been made aware of any proof to the contrary;

9.   Your Affiant(s) are not attorneys and do not practice law;

10.  Your Affiant(s) have never encouraged or instructed anyone to stop making payments under any timeshare contracts and to date are unaware of any proof to the contrary;

11.    Your Affiant(s) are not aware that "Breach of Contract", "Defaulted Payments",

"Damaged Credit", "Termination of Timeshare Interest", and/or "Tax

Liabilities",constitute a commercial injury to any consumer and therefore constitute

"injury" to any

Plaintiff, and to date Affiant(s) are unaware of any proof to the contrary;

12.    Your Affiant(s) have never encouraged or instructed "TSO's" to breach existing

Timeshare Contracts in order to divert payments from Plaintiff to your Affiant(s) and to

date, your Affiant(s) are unaware of any proof to the contrary;

13.    Your Affiant(s) have never engaged in "widespread false and misleading and or

disparaging advertising, via television, the internet and/or other means" and to date, your

Affiant(s) are unaware of any proof to the contrary;

14.    Your Affiant(s) have never engaged in "crack" or "cracking" any "resorts" or

participated in or initiated any "cold call telephone campaign" and to date, your

Affiant(s) are unaware of any proof to the contrary;

15.    Your Affiant(s) have never "trained" anyone to "solicit TSO's, provide false,

misleading and disparaging  information, induce fear or dissatisfaction regarding any

timeshare developer, retain the person's business and advocate for breach of a Timeshare

Contract, and to date, your Affiant(s) are unaware of any proof to the contrary;

16.    Your Affiant(s) have never engaged "high pressure sales tactics", or employed

"dishonest timeshare sales agents", and to date, your Affiant(s) are unaware of any proof

to the contrary;

17.    Your Affiant(s) are not aware of any damage to Plaintiff's reputation as it pertains

to Plaintiff's contractual interests, and to date, are further unaware of any proof to the

contrary;

18.    Your Affiant(s) have never required anyone to pay any "large up-front fees" nor

have your Affiant(s) ever traveled, by way of  aircraft or otherwise, to any "Owner's

home" for any reason and to date, your Affiant(s) are unaware of any proof to the

contrary;

19.    Your Affiant(s) have never collected "at times, over seventy-thousand dollars"

from any TSO's in anticipation of any "default", and to date, your Affiant(s) are unaware

of any proof to the contrary;

20.    Your Affiant(s) do not initiate or participate in any diversionary tactics and to

date, your Affiant(s) are unaware of any proof to the contrary;

21.    Your Affiant(s) do not participate in "false, misleading or disparaging advertising

or other deceptive practices to lure anyone, and to date, your Affiant(s) are unaware of

any proof to the contrary;

22.    Your Affiant(s) do not encourage anyone to not pay any timeshare contracts and to

date, your Affiant(s) are not aware of any proof to the contrary;

23.    Your Affiant(s) are not aware of any proof substantiating anyone's information

and belief, nor have your Affiant(s) been made aware of such, through court documents

or otherwise, and further, your Affiant(s) are unaware of any proof to the contrary;

24.    Your Affiant(s) do not practice law, are not attorney's and do not interfere with

any resulting operations of law, and to date, your Affiant(s) are unaware of any proof to the contrary;

25.   Your Affiant(s) are not aware nor have your Affiant(s) been made aware of anyone who was "led to believe" that any "contracts of any sort would be canceled without any ramifications"of anyone, and to date, your Affiant(s) are unaware of any proof to the contrary;

26.   Your Affiant(s) are not aware that any person's "information and belief" could or would constitute anything more than that person's opinion, nor are your Affiant(s) aware of any proof to the contrary;

27.   Your Affiant(s) do not engage in any acts or perform any services designed to harm anyone, and your Affiant(s) are further unaware of any proof to the contrary;

28.   Your Affiant(s) are aware that attorney "Information and Belief" actually constitutes assumption, presumption and opinion while avoiding the stigma of testimony by a non-witness, sometimes culminating in an indictment while having no basis in "Fact", and your Affiant(s) are not aware nor have your Affiant(s) been presented with any proof to the contrary;

29.   Your Affiant(s) are not aware of any "harm" having been visited on anyone nor are your Affiant(s) aware of any "damaged reputation" having occurred related to services rendered to anyone considered to be "competition" for or against your Affiant(s) and are further unaware of any proof to the contrary;

30.   Your Affiant(s) have not interfered with any business, committed any acts or torts

or caused any injury, commercial or otherwise to anyone, and to date, your Affiant(s) are

not aware of any proof to the contrary;

31.     Your Affiant(s) are aware of a Transfer Order issued on June 19, 2020 by the

transferor court, Case No. 9:20-cv21 80143 (S.D. Fla.) (DE 116);

32.     Your Affiant(s) have never conspired to harm anyone or induced anyone to breach

any contracts, "Timeshare Contracts" or otherwise and to date are not aware of any

proof to the contrary;

33.     Your Affiant(s) do not "Induce" any "Owners To Breach Their Valid And Binding

Timeshare Contracts, And Divert Funds" from anyone, and your Affiant(s) are further

unaware of any proof to the contrary;

34.     Your Affiant(s) are not aware of "nearly half a million members, and the majority

of those members are satisfied with their vacations and relationships" with any

Timeshare companies and to date have not been made aware of any proof to the

contrary;

35.     Your Affiant(s) are aware that Plaintiff is in possession of thousands of recordings,

but have not proven any of their allegations or that they have been victimized, and to

date, your Affiant's are unaware of any proof to the contrary;

36.     Your Affiant(s) are unaware that Pandora LLC has ever forced anyone, coerced

anyone, issued ultimatums to anyone regarding anything, or endorsed anything stated in

any phone call, including inducing someone into making a drastic decision and to date,

remain unaware of any proof to the contrary;

37.    Your Affiant(s) are aware that the Demand by plaintiffs for recordings and E-mail communication(s) along with those already produced is disproportionate to the number of Timeshare owners who have and or who maintain contracts with Timeshare Developers and are unaware of any proof to the contrary;

38.    Your Affiant(s) are aware that, despite production of thousands of telephone recordings and thousands of email communications, Plaintiff (s) Wyndham and Diamond did petition the courts demanding more non-existent recordings and communication appearing in an effort to wear down Judge Kidd and Judge Berger's time and patience and erode resources that would have otherwise been appropriated for Timeshare owners contract resolution efforts and are further unaware of any proof to the contrary;

39.    Your Affiant(s) are aware that Plaintiffs Wyndham and Diamond interfered in the contractual relationship that exists between Pandora LLC and its clients, and further have not seen or been made aware of any proof to the contrary;

40.    Your Affiant(s) are aware that Plaintiff Wyndham did accuse Bo Wilson, Rich Folk and Pandora LLC of an imaginary web of deceit and collusion against Plaintiff based on the hear-say, unsubstantiated events and unsupported documents provided by a disgruntled ex-employee and to date, are unaware of any proof to the contrary;

41.    Your Affiant(s) are further aware that said accusation was never substantiated or proven and your Affiant(s) remain unaware of any proof to the contrary;

42.    Your Affiant(s) are aware that Plaintiff Wyndham projected arrogance and

disregard for your Affiant(s) individual privacy and existing employment protection

contracts by way of subpoenas for bank records and 401K records of a previous

financial controller who was neither an owner nor was ever named as a defendant in

their complaint, and to date your Affiant(s) are unaware of any proof to the contrary;

43.    Your Affiant(s) are aware that the Corporate representative(s) for Plaintiff

Wyndham testified under oath that Wyndham Time Share Developers suffered no

monetary loss, rather instead, experienced monetary gain through tax write-offs, and to

date are not aware of any proof to the contrary;

44.    Your Affiant(s) are aware that Time Share Developers may be attempting to

breach anti-monopoly laws by manipulating business economy, by abusing courts

system and attempting to thwart Time Share Owners from obtaining legal representation

by running down and suppressing or taking out individuals, companies, and law firms

engaged in the business of timeshare contract exit; and to date, your Affiant(s) are

unaware of any proof to the contrary;

45.    Your Affiant(s) were informed by Plaintiff Wyndham that hundreds of 1099-A's

were issued for year 2020 to Time Share Owners during the first half of 2022, and your

Affiant(s) are unaware of any proof to the contrary;

46.    Your Affiant(s) did interview client Time Share Owners seeking verification of

such and were informed by over 75%, that IRS Form 1099A was never received by

them, and to date, your Affiant(s) have not seen or been made aware of any proof to the

contrary;

47.   To-date, your Affiant(s) received and/or are in possession of email notification(s) from no less than 10 Time Share Owners informing your Affiant(s) that they received a copy of their 1099A in just the past couple of months, for which your Affiant(s) are unaware of any proof to the contrary;

48.   Your Affiant(s) are aware that, although Plaintiff Wyndham claims to issue IRS Form 1099's to all of their clients, said clients never receive, nor have they received, nor is their any proof on any record of said clients having received until just recently when a two of their clients presented them their 1099's from 2020, and your Affiant(s) are further unaware of any proof to the contrary;

49.   Your Affiant(s) are aware that there are financial practice laws addressing timely notification as it impacts an individual's tax reporting to IRS;

50.   Your Affiant(s) are not aware of any Financial business that writes off debt but forgets to tell the debtor until two or three years later after having been informed by another person as having experienced any loss or damage, and to date, are unaware of any proof to the contrary

51.   Your Affiant(s) ask their clients whether they received a 1099 as a precursor and prerequisite to obtaining legal assistance;

52.   Your Affiant(s) understand that clients often need legal assistance when attempting to negotiate dissolution of contracts, sometimes to the point of legal intervention;

53.   Your Affiant(s) are aware that the IRS requires business to report write offs using

Form 1099 yearly and are further not aware of any proof to the contrary;

54.    Your Affiant(s) are unsure regarding the method used to write off a 2020 debt without informing the client/debtor until 2022 when by law, Form 1099's have to be sent within 30 days of the next year;

55.    Your Affiant(s) are aware that Plaintiff Wyndham not only recovers any perceived loss, but also further recovers via tax credit represented by the IRS Form 1099 issued to their clients and to date, your Affiant(s) are not aware of any proof to the contrary;

56.    Your Affiant's are not aware that Plaintiff Wyndham incurred losses while a new consumer has already paid for said loss of the consumer who hasn't, didn't or couldn't pay, and that loss has also been written off for tax credit and your Affiant(s) are not aware of any proof to the contrary;

57.    Your Affiant(s) are unaware of the possibility that Plaintiff Wyndham, Plaintiff Diamond and Plaintiff Bluegreen are not in violation of the Financial Practices Act and your Affiant(s) are further unaware of any proof to the contrary;

58.    Your Affiant(s) understand the fact that one can legally and permanently terminate an agreement by employing a licensed attorney that understands the legalities of cancelling a contract, and this all occurs by operation of law and creates a permanent position without any specific scheme being involved, and are not aware of any proof to the contrary;

59.    Your Affiant(s) have never issued a IRS Form 1099 where their client did not receive it and are not aware of any proof to the contrary;

60.    Your Affiant(s) are aware that Plaintiff Wyndham does not believe Time Share

Exit companies should exist and your Affiant(s) are not aware of any proof to the

contrary;

61.    Your Affiant(s) are aware that Wyndham, Diamond and Bluegreen, along with

their attorneys, have put upwards of 14 Time Share Exit organizations, out of business

and to date, your Affiant(s) are unaware of any proof to the contrary;

62.    Your Affiant(s) are aware that Plaintiff Diamond's complaint was dismissed in

Florida and moved to California and to date are further unaware of any proof to the

contrary;

63.    Your Affiant(s) are aware that Judge Kidd and Judge Berger proceeded against

your Affiant(s) continuously even though Plaintiff Wyndham never proved their claim,

and to date are unaware of any proof to the contrary;

64.    Your Affiant(s) are aware that a partner from Shutts and Bowen aided, promoted,

sponsored and mentored Judge Berger, which we believe constitutes a conflict of interest

and to date, your Affiant(s) are unaware of any proof to the contrary;

65.    Your Affiant(s) are aware that although Plaintiff Wyndham's claim had no merit,

Judge Berger allowed the case to move forward, and to date, your Affiant(s) are unaware

of any proof to the contrary;

66.    Your Affiant(s) are aware that Judge Kidd and Judge Berger decided to allow the

case to move forward even though Plaintiff Wyndham had not proven tortious

interference after having the opportunity to examine thousands of recorded phone calls,

and to date, your Affiant(s) are unaware of any proof to the contrary;

67.    Your Affiant(s) are aware that Plaintiff Wyndham's Florida Case claim has no

merits  and to date, your Affiant(s) are unaware of any proof to the contrary;

68.    Your Affiant(s) are aware that Florida Judge Kidd and Judge Berger were not

reasonably considering your Affiant(s) defense, and to date, your Affiant(s) are unaware

of any proof to the contrary;

69.    Your Affiant(s) are aware that Florida Judge Kidd and Judge Berger allowed

Plaintiff Wyndham to move forward without cause and without consideration for

Affiant(s) and to date, your Affiant(s) are unaware of any proof to the contrary;

70.    Your Affiant(s) are aware Plaintiff Wyndham had recently been charged in federal

court for having engaged in a company-wide predatory campaign toward a protected

class, and was further ordered to pay cost and damages to the whistleblower who

reported the matter and who was subsequently discharged from duties and attacked by

the Plaintiff Wyndham and to date, your Affiant(s) are unaware of any proof to the

contrary;

71.    Your Affiant(s) are aware that judge Kidd and Judge Berger placed Affiant(s) in

default even though your Affiant(s) produced 2 million documents and 300 thousand

recordings and to date, your Affiant(s) are unaware of any proof to the contrary;

72.    Your Affiant(s) are aware that Affiant(s) were still defaulted for not fulfilling the

order for discovery, even though your Aaffiant(s) did comply and to date, your Affiant(s)

are unaware of any proof to the contrary;

73.    Your Affiant(s) are aware that, even though your Affiant(s) offered to provide information regarding Plaintiff Wyndham, Judge Kidd and Judge Berger ordered your Affiant(s) to produce all of Affiant(s) personal information and allowed no exceptions, even though your Affiant(s) were not domiciled in Florida and to date, your Affiant(s) are unaware of any proof to the contrary;

74.    Your Affiant(s) are aware no matter what your Affiant(s) requested, Judge Kidd and Judge Berger ruled against Affiant(s)and to date, your Affiant(s) are unaware of any proof to the contrary;

75.    Your Affiant(s) are aware Judge refused to grant any extensions for your Affiant(s) or Pandora LLC but granted three for Plaintiff Wyndham and to date, your Affiant(s) are unaware of any proof to the contrary;

76.    Your Affiant(s) are aware Wyndham case Judge's report was not reasonable and appeared to be attempting to create or build a crime where there is none and to date, your Affiant(s) are unaware of any proof to the contrary;

77.    Your Affiant(s)are aware that the Diamond complaint was dismissed in Florida and moved to California and to date your Affiant(s) are unaware of any proof to the contrary;

78.    Your Affiant(s) are in possession of over a hundred signed declarations by Time Share Owners attesting to the fact that their decision to stop making payments was of their own and were in no shape or form influenced by your Affiant(s)or Pandora LLC and to date, your Affiant(s) are unaware of any proof to the contrary;

79. Your Affiant(s) are in possession of signed declarations by Clients who came to Affiant(s) because they could not get help and to date, your Affiant(s)are unaware of any proof to the contrary;

80. Your Affiant(s) understand that just because they stopped paying Plaintiff Wyndham doesn't mean they did so under Affiant(s) instruction or suggestion and to date, your Affiant(s) are unaware of any proof to the contrary;

81. Your Affiant(s) are aware that Clients came under various circumstances where no two were alike, and to date, your Affiant(s) are unaware of any proof to the contrary;

82. Your Affiant(s) share with clients knowledge gathered from other clients that Affiant(s) know themselves added onto by other clients that come to your Affiant(s) who were then provided consultation and to date, your Affiant(s) are unaware of any proof to the contrary;

83. Your Affiant(s) are sharing Information, not to be misinterpreted as practicing law and to date, your Affiant(s) are unaware of any proof to the contrary;

84. Your Affiant(s) are consultants, not attorneys;  and to date, your Affiant(s) are unaware of any proof to the contrary;

85. Your Affiant(s) along with Pandora LLC use licensed attorneys and to date, your Affiant(s) are unaware of any proof to the contrary;

86. Your Affiant(s) are aware that "acting like attorneys" is a baseless complaint,  and to date, your Affiant(s) are unaware of any proof to the contrary;

87. Your Affiant(s) advise clients looking for help to go back to the Time Share

Developer and ask for a release before proceeding, and if they refuse and they give clients a hard time, then clients come back to Affiant(s) for consultation and to date, your Affiant(s) are unaware of any proof to the contrary;

88.    Your Affiant(s) are aware that the standard request of the potential client is: "My contract is this and I can no longer afford it. How do I get out of it?"; and to date,your Affiant(s)are unaware of any proof to the contrary;

89.    Your Affiant(s)are not aware that a lawyer cannot practice law; and to date, your Affiant(s) are unaware of any proof to the contrary;

90.    Your Affiant(s) are aware of the Lanham Act and your Affiant(s) are unaware of having employed false advertising and to date, your Affiant(s) are further unaware of any proof to the contrary;

91.    Your Affiant(s)are aware that Plaintiff Wyndham has failed to define said false advertising and to date your Affiant(s) are unaware of any proof to the contrary;

92.    Your Affiant(s) are aware that a person can stand their ground in their own home, it's their home, they can ask anyone to leave anytime because its their property, their space and to date, your Affiant(s) are unaware of any proof to the contrary;

93.    Your Affiant(s) are aware that a phone call cannot hold anyone hostage because a person has the right and capacity to refuse the call, and to date, your Affiant(s) are unaware of any proof to the contrary

94.    Your Affiant(s) are not using Time Share Compliance to solicit business anymore than fake doctors and pharmaceutical companies and injury lawyers do in media and

online and to date, your Affiant(s) are unaware of any proof to the contrary;

95.    Your Affiant(s) are aware Clients have signed declarations that they came to Affiant(s) because they could not get help and to date, your Affiant(s) are unaware of any proof to the contrary;

96.    Your Affiant(s) are aware that just because they stopped paying Plaintiff Wyndham doesn't mean they did so under Affiant(s) instruction or suggestion, and to date, your Affiant(s) are unaware of any proof to the contrary;

97.    Your Affiant(s) are aware that Timeshare contracts are unlimited, sales never stop, and no service or product is ever actually extended to Time Share Owners by by Time Share Developers,  and to date, your Affiant(s) are unaware of any proof to the contrary;

98.    Your Affiant(s) are aware that with Time Share Developers, it's pay to play,  and to date, your Affiant(s) are unaware of any proof to the contrary;

99.    Your Affiant(s) are aware Time Share Developers confuse Time Share Owners into purchasing their product, so, to say developers suffered loss as a result of non-payment or contract termination is misleading and exaggerated and to date, your Affiant(s) are unaware of any proof to the contrary;

100.   Your Affiant(s) are not aware of how Plaintiff Wyndham can incur losses when they re-sell the product; and to date, your Affiant(s) are unaware of any proof to the contrary;

101.   Your Affiant(s) are not aware as to whether reimbursing all of those people who paid Plaintiff Wyndham upwards of ,(example): 100 thousand dollars after Plaintiff

collects 33 percent from the Time Share Owner, Plaintiff collects 33 percent from the

IRS and Plaintiff Wyndham resells for 33percent, is not a great deal for Plaintiff, and to

date, your Affiant(s) are unaware of any proof to the contrary;

102.   Your Affiant(s) are aware that Plaintiff has not answered as to why they write

these accounts off, and report this to the IRS for tax credit thereby recovering the loss,

since timeshare contracts are the same contracts day in and day out, only the name

changes, and to date, your Affiant(s) are unaware of any proof to the contrary;

103.   Your Affiant(s) are aware that Plaintiff Wyndham then further states under oath

that Plaintiff Wyndham made money off of the Time Share Contract by reselling that

same contract because Plaintiff Wyndham, and Plaintiff Diamond never stop selling as a

continuation and to date, your Affiant(s) are unaware of any proof to the contrary;

104.   Your Affiant(s) are aware that Affiant(s) have committed no tortious interference

when the Clients came to Plaintiff Wyndham first, denied relief, and subsequently the

Client stopped paying Plaintiff Wyndham before they ever came to Affiant(s) meetings,

and to date, your Affiant(s) are unaware of any proof to the contrary;

105.   Your Affiant(s) are aware Time Share Owners also attest to having been rejected

by Time Share Developers when approached to have their contracts terminated leaving

Time Share Owners without choice but to seek assistance elsewhere, and to date, your

Affiant(s) are unaware of any proof to the contrary;

106.   Your Affiant(s) have hundreds of self written affidavits by Time Share Owners

attesting to having been subjects of predatory practices, unethical sales tactics, blatant

lies and intentional non-disclosures at the hands of timeshare sales people employed by the Plaintiff Time Share Developers, and to date, your Affiant(s) are unaware of any proof to the contrary;

107.   Your Affiant(s) are aware Some Time Share  companies will leave a line on their contract for rescission after a certain amount of time has elapsed, otherwise Time Share Developers do not make available any exit plans for their Clients and to date, your Affiant(s) are unaware of any proof to the contrary;

108.   Your Affiant(s) are aware that Wyndham, Diamond, and Bluegreen Time Share Contracts are often signed under duress since Clients with health problems are under duress, and to date, your Affiant(s) are unaware of any proof to the contrary;

109.   Your Affiant(s) are aware Clients will testify to your Affiant(s) consideration for their position regarding Time Share Developers, and to date, your Affiant(s) are unaware of any proof to the contrary;

110.   Your Affiant(s) are aware that Plaintiff(s)Timeshare Developers sell their timeshare as Real Estate purchase misrepresenting the product entirely by saying it is Real Estate when it is not and to date, your Affiant(s) are unaware of any proof to the contrary;

111.   Your Affiant(s)are not aware that anyone has ever been able to use Time Share Points to buy Real estate and to date, your Affiant(s) are unaware of any proof to the contrary;

112.   Your Affiant(s) are aware that points can be used to mitigate credit card charges in

exchange for those points, and points can be exchanged for complimentary points, but none of this connotes ownership in any real estate and to date, your Affiant(s) are unaware of any proof to the contrary;

113.   Your Affiant(s) are not aware of any proof that rewards from a credit card will pay the entire Timeshare Maintenance fee is not a false statement and to date, your Affiant(s) are unaware of any proof to the contrary;

114.   Your Affiant(s) are not aware that Time Share Developers are not confusing consumers using the term "owner" and "ownership"and "Own a Timeshare" when in reality it can only be a Right of Use, and to date, your Affiant(s) are unaware of any proof to the contrary;

115.   Your Affiant(s) are aware that using the word "Deed", is further confusing the consumer who is actually using real cash to, in essence, exchange for points and then Time Share Developers call the consumer "owners"when there is no deed, and to date, your Affiant(s) are unaware of any proof to the contrary;

116.   Your Affiant(s) are aware that using the word "Equity" when there is no such equity and therefore, no equity can be realized, in creating a equity based false discount and to date, your Affiant(s) are unaware of any proof to the contrary;

117.   Your Affiant(s) are aware that Time Share Owners are made to pay HOA fees even though they don't stay long enough to be called residents of the Time Share property, a deception on the public and to date, your Affiant(s) are unaware of any proof to the contrary;

118.   Your Affiant(s) are not aware of any hotels that charge HOA fees even for staying

10 nights, and to date, your Affiant(s) are unaware of any proof to the contrary;

119.   Your Affiant(s) are aware that Time Share Developers further confuse the

consumer by calling the Time Share contract, a "Title"; and then they sell title insurance

on the contract, and to date, your Affiant(s) are unaware of any proof to the contrary;

120.   Your Affiant(s) are aware of plaintiffs Wyndham, Diamond and Bluegreen using

terms to confuse the consumer or the man on the street by calling Time Share contracts

terms such as " Deed, Title, Property, Owner(s), HOA Maintenance Fees, Assessment

Fees" and to date, your Affiant(s) are unaware of any proof to the contrary;

121.   Your Affiant(s) are aware that points cannot be used to purchase or own Real

Estate, and to date, your Affiant(s) are unaware of any proof to the contrary;

122.   Your Affiant(s) are aware that some of these timeshare sales persons have been

identified by plaintiffs to be known felons and repeat offenders who have been convicted

in a court of law in this country for the very same predatory and unethical behaviors

amounting to threats and intimidation and to date, your Affiant(s) are unaware of any

proof to the contrary;

123.   Your Affiant(s) are aware that if the consumer stops making payments, Time

Share Developers let them out of the contract, but if the consumer hires an attorney,

Time Share Developers won't let them out, and if the consumer continues to pay, the

consumer cannot negotiate his way out of the contract, and is thereby punished for

obtaining legal representation and to date, your Affiant(s) are unaware of any proof to

the contrary;

124.   Your Affiant(s) are aware that because of the lawsuits Plaintiff Wyndham, Plaintiff Diamond and Plaintiff Bluegreen have against your Affiant(s), Affiant(s) actions in defending and standing behind what your Affiant(s) do for the clients that come to Affiant(s) is what triggered Plaintiff Wyndham and Plaintiff Diamond to try to close the loop on Plaintiff's  previous unlawful actions and to date, your Affiant(s) are unaware of any proof to the contrary;

125.   Your Affiant(s) are aware that none of this exposure of unlawful business tactics would have been apparent if the Time Share Developer Wyndham hadn't elected to sue your Affiant(s) and to date, your Affiant(s) are unaware of any proof to the contrary;

126.   Your Affiant(s) are aware that no one has proven that your Affiant(s), Pandora or its supporting entities have committed any scam or broken any law or violated any Act and to date, your Affiant(s) are unaware of any proof to the contrary;

127.   Your Affiant(s) Landlord came by way of friends and relatives and not from  any comingling or mixing business and whatever happens with the landlord is the landlord's business and to date, your Affiant(s) are unaware of any proof to the contrary;

128.   Your Affiant(s) are aware How did Plaintiff Wyndham come to hire Shutts and Bowen other than the fact that they occupy premises on the same street and to date, your Affiant(s) are unaware of any proof to the contrary;

129.   Your Affiant(s) are aware that assumptions and accusations are not proof and  just because the landlord wants to rent to your Affiant(s) does not prove there is a scam or a

ponzi scheme involving your Affiant(s)and further, the operation of a Times Share

Contract is more of a ponzi scheme than anything your Affiant(s) represent, and to date,

your Affiant(s) are unaware of any proof to the contrary;

130.   Your Affiant(s) are not aware of any evidence presented to the case against your

Affiant(s) and to date, your Affiant(s) are unaware of any proof to the contrary;

131.   Your Affiant(s) have turned over thousands of telephone recordings and are not

aware of any withholding of evidence against your Affiant(s) in general or in particular,

and to date, your Affiant(s) are unaware of any proof to the contrary;

132.   Your Affiant(s) are aware that Your Affiant(s) are not bound by law to keep

recordings and Your Affiant(s) were locked out of their business space when the landlord

was raided as Your Affiant(s) operate an independent business and to date, your

Affiant(s) are unaware of any proof to the contrary;

133.   Your Affiant(s) are aware Your Affiant(s) have never been charged with anything

in relation to stored documents seized by authorities when the landlord was raided and to

date, your Affiant(s) are unaware of any proof to the contrary;

134.   Your Affiant(s) are aware that there is no proof that what your Affiant(s) did or do

is adversely affecting Plaintiff Wyndham and/or Plaintiff Diamond, and to date, your

Affiant(s) are unaware of any proof to the contrary;

135. Your Affiant(s) are aware because of the nature of default, and by operation of

law, the Court and Plaintiff Wyndham are interpreting your Affiant(s) position as to be in

"agreement" which is not true, and to date, your Affiant(s) are unaware of any proof to

the contrary;

136.   Your Affiant(s) are aware that Real estate is owned and real estate may require a mortgage and the purchase is always an exchange of Real property while Time Share Contracts are not mortgages and therefore they're not collateral loans or collateralized loans and they don't exchange Real property and to date, your Affiant(s) are unaware of any proof to the contrary;

137.   Your Affiant(s) are aware that Plaintiff Time Share Developers report that they earn profits, it's collateralized and when they take it back, they further make more profits when they resell it and to date, your Affiant(s) are unaware of any proof to the contrary;

138.   Your Affiant(s)are aware there are no damages to Plaintiff Wyndham,Diamond or Bluegreenand your Affiant(s) are unaware of any proof to the contrary;

139.   Your Affiant(s) assert that Time Share Developers should cancel and refund contracts to the clients from the beginning and allow clients out of the their contracts to avoid the existence of Time Share Exit processes and to date, your Affiant(s) are unaware of any proof to the contrary;

140.   Your Affiant(s) are aware that Time Share Developers take Time Share Exit procedures out of context and don't recognize successful Clients who got their money back so even though there are no unresolved cases, Plaintiff Wyndham, Diamond and Bluegreen absolutely twisted the truth and to date, your Affiant(s) are unaware of any proof to the contrary;

141.   Your Affiant(s) are aware that Time Share contracts, connected to credit cards, are by their nature, "installment loans" but Plaintiff Time Share Developers call the contracts "mortgages" even though Plaintiff's don't use a third party mortgage company nor do Plaintiff(s) retain an escrow bond nor do Plaintiff(s) follow the state mortgage regulations rquired to issue mortgages, a violation of various banking laws, and to date, your Affiant(s) are unaware of any proof to the contrary;

142.   Your Affiant(s) are aware that Time Share Developers "call the note" with regards to theses illegitimate so called mortgages and when the clients can't pay the "note", Time Share Developers threaten to foreclose but there can be no foreclosure since Real estate never exchanges hands and Time Share contracts are simply "right to use" or "loss of privilege to make a reservation" which is not disclosed and to date, your Affiant(s) are unaware of any proof to the contrary;

143.   Your Affiant(s) are aware that the loss of privilege to make a reservation if the Time Share Owner is late on payments only means Time Share Developers don't allow Time share Owners to use the Time Share property and to date, your Affiant(s) are unaware of any proof to the contrary;

144.   Your Affiant(s) are aware Plaintiff Wyndham leads people to believe if they buy "today" as the "First Day" benefit, the cost will be "X" but if you buy tomorrow the price will be "Y" however if you come back tomorrow or at a later date, Time Share Developer will still offer the same price "X" including all benefits of the "First Day" therefor the "First Day Benefit" is false and misleading because anyone can come back

at a later date and receive the exact same deal and to date, your Affiant(s) are unaware of any proof to the contrary;

145. Your Affiant(s) have a LLC that protects Affiant(s) personally however Judge Berger ordered to tender Affiant(s) private agreements,causing an involuntary breach of contract and further causing a breach of the confidentiality agreement, and once these agreements were breached, Judge Kidd and Judge Berger claimed they had no jurisdiction to enforce suppression of the confidentiality agreement which triggered a new lawsuit against your Affiant(s) and to date, your Affiant(s) are unaware of any proof to the contrary;

146. Your Affiant(s) are aware that Plaintiff Wyndham falsely accuses Affiant(s) of placing clients names into an LLC or corporation subsequently bankrupting the corporation as to return to the timeshare owners and to date, your Affiant(s) are unaware of any proof to the contrary;

147. Your Affiant(s) are actually enlisting attorneys to get clients out of Time Share contracts with Time Share Developers which is why Affiant(s) told Judge Berger Affiant(s) only want to give the court the information pertaining to Wyndham owners and Judge Berger "said no we need it all now" and to date, your Affiant(s) are unaware of any proof to the contrary;

148. Your Affiant(s) are aware that if Affiant(s) are dealing with a completely different Time Share Developer and give them information on what they're doing all right Affiant(s) are going cause them to spend money or change or even remove

infrastructure  and to date, your Affiant(s) are unaware of any proof to the contrary;

149.  Your Affiant(s) are unaware of how Affiant(s) could be ordered to hand over 2 million documents considering the fact Plaintiff Wyndham only have in question 900 owners in discrepancy of which 499 gave them money back or canceled and to date, your Affiant(s) are unaware of any proof to the contrary;

150.  Your Affiant(s) are aware Bluegreen filed a lawsuit against Affiant(s) using the same law firm as Plaintiff Wyndham and to date, your Affiant(s) are unaware of any proof to the contrary;

151.  Your Affiant(s) are aware Judge Kidd and Judge Berger had the power to determine you're Affiant(s) were only connected to the Wyndham Suit, and refuse to allow information not related to the Wyndham suit to be entered into Discovery, but Judge Kidd and Judge Berger did not, which caused your Affiant(s) to incur damages prior to Judge Kidd and Judge Berger passing judgment on the Wyndham case, and to date, your Affiant(s) are unaware of any proof to the contrary;

152.  Your Affiant(s) are aware that Plaintiff Bluegreen was allowed access to Plaintiff Wyndham lawsuit as a result of Judge Kidd and Judge Berger's order to produce information on Bluegreen clients unrelated to Wyndham lawsuit and Affiant(s) are aware Plaintiff Bluegreen and Plaintiff Wyndham retained the same law firm creating collusion and to date, your Affiant(s) are unaware of any proof to the contrary;

153.  Your Affiant(s) are aware that Plaintiff Wyndham can not prove damages and the only way Plaintiff Wyndham, Plaintiff Diamond, Plaintiff Bluegreen can prove anything

is to testify as to what a particular client heard, and to date, your Affiant(s) are unaware of any proof to the contrary;

154.   Your Affiant(s) are not aware of any client's testimony stating they stopped making payments as a result of your Affiant(s) advertising or instruction and to date, your Affiant(s) are unaware of any proof to the contrary;

155.   Your Affiant(s) are aware that when Time Share Developers say no money down it's just not true so what they're doing is opening a credit account with the Time Share client's credit only they do this without the Time Share client's  knowledge and then the clients are surprised a few months later when the client's get the bill in the mail while they believed they got in with no money down not realizing that Time Share Developers applied for the down payment without the client's permission, and to date, your Affiant(s) are unaware of any proof to the contrary;

156.   Your Affiant(s) are aware that Time Share Developers are notorious for using household income to determine credit limits of say income: 70 grand for a client to get a 20,000 limit in their debt ratio and so when client has income of 170 grand, the client needs a bigger debt ratio and to date, your Affiant(s) are unaware of any proof to the contrary;

157.   Your Affiant(s) are aware Plaintiff, (Wyndham sales persons) deceive people into applying for credit cards without their knowledge; instead Wyndham sales persons imply they are "upgrading" their "ownership" with zero down when in fact Wyndham sales persons are not disclosing of credit card debt that is in effect a down payment on

"upgrade" so therefor not zero down and to date, your Affiant(s) are unaware of any

proof to the contrary;

158.   Your Affiant(s) are aware when Wyndham "owners" inquire about cancelling or

resolution to Plaintiff (Wyndham) Wyndham leads people to believe there is such a

"program" to assist in resolution when in fact they let out an incredibly small number of

people at all, and to date, your Affiant(s) are unaware of any proof to the contrary;

159.   Your Affiant(s) are aware that Plaintiff Wyndham, Plaintiff Diamond, Plaintiff

Bluegreen, never discloses that as a sales agent represents the seller and all Plaintiff

sales persons allude that they represent as dual agents representing seller / buyer when in

actuality All Plaintiff sales persons exclusively represent the seller and to date, your

Affiant(s) are unaware of any proof to the contrary;

160.   Your Affiant(s) are aware Plaintiff sales persons lead "owners" to believe when

"upgrading" their "ownership" maintenance fees will go down when in actuality

maintenance fees go up after "upgrading,"and to date, your Affiant(s) are unaware of

any proof to the contrary;

161.   Your Affiant(s) are aware that Plaintiff sales persons do not disclose that buyers

have the right to be represented by their own Real Estate agent and again state dual

representation when in actuality Plaintiff sales person exclusively represents seller and

to date, your Affiant(s) are unaware of any proof to the contrary;

162.   Your Affiant(s) are aware Plaintiff Wyndham sales persons lead "owners" to

believe they can convert points to pay off maintenance fees. Wyndham sales persons

lead people to believe if they upgrade the point conversion works more efficiently, when in actuality the conversion rate is significantly unfavorable and to date, your Affiant(s) are unaware of any proof to the contrary;

163.   Your Affiant(s) are aware  are aware it is common practice for Plaintiff, Wyndham sales persons to discriminate against people of Eastern Indian descent and it is common practice to not qualify such prospects and to date, your Affiant(s) are unaware of any proof to the contrary;

164.   Your Affiant(s) are aware that if Time Share Developers get a doctor as a potential client they don't waste their time trying to sell them because doctors always want to think about it, or they have to see their seer before deciding, so Time Share Developers literally disqualify those potential clients, and to date, your Affiant(s) are unaware of any proof to the contrary;

165.   Your Affiant(s) are aware it is common practice for Plaintiff, Wyndham sales persons to use predatory sales tactics against elder people and it is common practice to keep elders up to 5 hours or longer despite elders needing medication and then, said elders are lead to believe the "update" is only 90 minutes, when in actuality the presentation lasts hours longer and to date, your Affiant(s) are unaware of any proof to the contrary;

166.   Your Affiant(s) are aware Plaintiff Wyndham sales persons frequently allow non licensed sales people to present. Plaintiff sales managers instruct the unlicensed sales person to "not talk about numbers" and they refer to unlicensed sales persons as "tour

guides" when, in actuality unlicensed sales persons do in fact show numbers which is a direct violation of the Real Estate Commission and to date, your Affiant(s) are unaware of any proof to the contrary;

167.  Your Affiant(s) are aware Plaintiffs Wyndham and Diamond sales managers write their name on the contracts of unlicensed sales persons deals as to avoid the unlicensed sales person in violation and to date, your Affiant(s) are unaware of any proof to the contrary;

168.  Your Affiant(s) are aware Plaintiffs Wyndham and Diamond allow unlicensed sales people to sell as "tour guides" because the lack of enough legally licensed sales persons in the market and to date, your Affiant(s) are unaware of any proof to the contrary;

169.  Your Affiant(s) are aware  Plaintiffs Wyndham and Diamond unlicensed sales persons violate numerous Real Estate laws as a result of lack of knowledge without correct oversight by Plaintiff sales management and to date, your Affiant(s) are unaware of any proof to the contrary;

170.  Your Affiant(s) are aware Plaintiff Wyndhams sales persons refer to "ownership" contracts as mortgages when in actuality they are simply a right to use, and Plaintiff Wyndham's sales persons refer to loss of reservation access due to non payment as foreclosure when in actuality "owners" only loose access to make a reservation there are no actual foreclosure procedures and to date, your Affiant(s) are unaware of any proof to the contrary;

171.  Your Affiant(s) are aware Judge Kidd and Judge Berger could have ordered to exclusively produce Plaintiff Wyndham's information pertaining to the Wyndham case rather than ordering entire business documents amounting in excess of 2 Million documents including recordings and information not related to Plaintiff Wyndham case and to date, your Affiant(s) are unaware of any proof to the contrary;

172.  Your Affiant(s) are aware that Plaintiff Wyndham's sales persons use credit card charge at point of sale as a down payment without disclosing to "owner" and to date, your Affiant(s) are unaware of any proof to the contrary;

173.  Your Affiant(s) are aware Plaintiff Wyndham's sales persons change credit applications as to get favorable approvals when in actuality the person's income is considerably less than what is stated on credit application and to date, your Affiant(s) are unaware of any proof to the contrary;

174.  Your Affiant(s) are aware Plaintiff Wyndham's sales persons use "ghost equity" as an illusion of actual equity towards an upgrade and Wyndham sales persons state that the "owner" has equity built up to put towards an upgrade when in actuality the worth of the original contract is substantially less than what the Wyndham sales person states, since in actuality there is no equity at all and to date, your Affiant(s) are unaware of any proof to the contrary;

175.  Your Affiant(s) are aware that none of Plaintiff Wyndham's timeshare contracts are enforceable and therefore are voidable and to date, your Affiant(s) are unaware of any proof to the contrary;

176.   Your Affiant(s) are aware Plaintiff Wyndham, including sales persons, use the words ownership, real estate, foreclosure, equity and deed as deceptive sales practices when in actuality Plaintiff Wyndham is not offering Real Estate, but instead a right to use or a organizational membership and therefore Plaintiff is in fact not offering a mortgage, but rather an unsecured installment loan and to date, your Affiant(s) are unaware of any proof to the contrary;

177.   Your Affiant(s) are aware of Plaintiff Wyndham's lack of disclosure on how to cancel timeshare contract or offer any service or assistance to do so creates right of open recision for timeshare "owners" to cancel contract at any time and to date, your Affiant(s) are unaware of any proof to the contrary;

178.   Your Affiant(s) are aware that the way in which Judge Kidd and Judge Berger appear to be against your Affiant(s) in this case, compared to what Time Share Developers actually do to consumers and then the extent of misrepresentation they engage in, however ineffectively, proves which of the parties are engaged in or participating in unethical and/or fraudulent practices and actually have something to hide and to date, your Affiant(s) are unaware of any proof to the contrary;

179.   Your Affiant(s) are aware Plaintiff Wyndham claims the only way to cancel timeshare contract is through Plaintiff which is blatantly false and misleading and to date, your Affiant(s) are unaware of any proof to the contrary;

180.   Your Affiant(s) are aware Plaintiff offers three prices per point; gross net and what Plaintiff reports to the IRS failing to fully earnestly establish what the true price per

point value is and to date, your Affiant(s) are unaware of any proof to the contrary;

181.   Your Affiant(s) are aware that Plaintiff Wyndham's claim has no merit but Judge Kidd and Judge Berger decided to allow the case to move forward even though Plaintiff Wyndham has not proven tortious interference even after taking the opportunity to examine thousand recorded phone calls  and to date, your Affiant(s)are unaware of any proof to the contrary;

182.   Your Affiant(s) are aware that the only way to get out of the contract is if the contract is repudiated or because of lack of disclosure or for nondisclosure and to date, your Affiant(s) are unaware of any proof to the contrary;

183.   Your Affiant(s) are not aware that breach of contract and defaulted payments damage credit termination of timeshare interest and or tax liabilities constitute a commercial injury to any consumer and therefore constitute an injury to any plaintiff and to date, your Affiant(s) are unaware of any proof to the contrary;

184.   Your Affiant(s) are not aware of anyone doing anything with or to Time share clients or Time share contracts in any effort to divert payments from Plaintiff Wyndham, Plaintiff Diamond or any other Time Share Developer and to date, your Affiant(s) are unaware of any proof to the contrary;

185.   Your Affiant(s) are not attorneys and do not practice law and have never instructed anyone to stop making payments under any timeshare contracts and to date your Affiant(s) are unaware of any proof to the contrary

186.   Your Affiant(s) are not aware that Plaintiff Wyndham ever provided proof that

your Affiant(s) participated in widespread false and misleading advertising via

television, Internet, or Cold Calling that discourage Time Share clients to participate in

Time Share contracts, rather your Affiant(s)are aware that phone recordings were used to

maintain and enforce compliance while rendering better and more detail oriented

customer service to Affiant(s)clients and to date, your Affiant(s) are unaware of any

proof to the contrary; and to date, your Affiant(s) are unaware of any proof to the

contrary;

187.   Your Affiant(s) are aware that a phone call from your Affiant(s) doesn't constitute

a violation of the Lehman Act and a person has a right of propensity to refuse the call,

but Judge Kidd and Judge Berger ruled against your Affiant(s) even though Plaintiff

Wyndham never proved their claim and to date, your Affiant(s) are unaware of any proof

to the contrary;

188.   Your Affiant(s) are not aware that Plaintiff Wyndham does not  engage in high

pressure sales tactics nor employ dishonest timeshare processes and to date, your

Affiant(s) are unaware of any proof to the contrary;

189.   Your Affiant(s) are aware that Time Share Developers are not in the business

letting people out of their timeshare, rather,Time Share Developers are in the business of

selling timeshare contracts so they don't let the people out definitely when they owe

money, and to date, your Affiant(s) are unaware of any proof to the contrary;

190.   Your Affiant(s) are not aware of to what Plaintiff Wyndham refers to by

Affiant(s)using false advertising to cancel or terminate a Timeshare agreement or getting

a contract cancelled or the definition of a permanent move nor are your Affiant(s) aware of any scheme involved between your Affiant and anyone else and to date, your Affiant(s) are unaware of any proof to the contrary;

191.  Your Affiant(s) are aware that Time Share contracts refer to a "membership" it is a membership that really is maintenance and not a maintenance fee and not even a homeowner association fee and Affiant(s) are in possession of a document that says Time Share Developers never buy it at gross and to date, your Affiant(s) are unaware of any proof to the contrary;

192.  Your Affiant(s) are aware it's common practice that Plaintiff Wyndham fires employees for lying to consumers and subsequently rehires employee back after a six month or one year suspension or employee is hired at another Plaintiff Diamond immediately or vise versa and to date, your Affiant(s) are unaware of any proof to the contrary;

193.  Your Affiant(s) are aware that Plaintiff retains secret shopper reports that identify misleading and unethical sales practices directly to consumers and secret shopper reports expose overwhelming negative ratings by Plaintiff sales persons and to date, your Affiant(s) are unaware of any proof to the contrary;

194.  Your Affiant(s) are aware that any loan balances by Plaintiff Wyndham's Time Share "owners" are not provided any opportunity by Plaintiff Wyndham to cancel timeshare contracts and to date, your Affiant(s) are unaware of any proof to the contrary;

195.  Your Affiant(s) are aware that Plaintiffs Wyndham, Diamond and Bluegreen have

thousands of complaints for employing or using misleading falsehoods and unethical

sales practices and actually, are in violation of the Lehman Act and to date, your

Affiant(s) are unaware of any proof to the contrary;

196.   Your Affiant(s) are aware  Plaintiff Wyndham, Diamond and Bluegreen assign one

hundred percent of their loans immediately from purchase date to a third party, none of

which are the Plaintiffs, and to date, your Affiant(s) are unaware of any proof to the

contrary;

197.   Your Affiant(s) are aware Plaintiffs report gains to the IRS when they take

inventory back proving zero damages when in actuality creating additional profits as a

result of re-selling inventory / right to use and to date, your Affiant(s) are unaware of

any proof to the contrary;

198.   Your Affiant(s) are not aware of any interference and don't have direct or indirect

contact with the Plaintiffs and to date, your Affiant(s) are unaware of any proof to the

contrary;

199.   Your Affiant(s) are unaware of any interference with timeshare contracts,

currently don't write letters on behalf of clients; additionally your Affiant(s) do not

interact with Plaintiff directly or indirectly and therefor are not committing torturous

interference and Affiant's clients interact with attorneys and attorneys negotiate directly

with Plaintiff and to date, your Affiant(s) are unaware of any proof to the contrary;

200.   Your Affiant(s)are aware Plaintiffs Wyndham Diamond and Bluegreen do not

disclose their fiduciary responsibility as a licensed Real Estate Agent at time of purchase

ALL have thousands of complaints of misleading and unethical sales practices and to date, your Affiant(s) are unaware of any proof to the contrary;

201.   Your Affiant(s) are aware Plaintiff Diamond and the court falsely accuses your Affiant(s) of violating the Lanham Act as a result of your Affiant(s) stating through Affiant(s) Agent Pandora Marketing LLC, Affiant(s) can get clients out to their timeshare contract based on unethical sales practices, when in fact attorneys are successful getting them out using ethical legal practices and to date, your Affiant(s) are unaware of any proof to the contrary;

202.   Your Affiant(s) are aware that the statement clients get out legally and permanently is due to client retaining an attorney does in fact legally and permanently get clients out of timeshare contracts so therefor is not misleading and to date, your Affiant(s) are unaware of any proof to the contrary;

203.   Your Affiant(s) are aware  Pandora Marketing LLC services consists of educating consumers on misrepresentations by way of years of first hand experience and expertise and additionally consoling clients listening hours upon hours to Plaintiffs client's concerns and to date, your Affiant(s) are unaware of any proof to the contrary;

204.   Your Affiant(s) are aware Pandora Marketing LLC incurs in excess of seven figures accumulating expenses such as: file preparation including custom CRM and client portal protecting and housing client information and additional expenses are incurred by providing flowers, gift cards, settlement fees, legal fees for defense of Plaintiff arbitration cases, maintenance fees for settlement resolution, credit restoration

caused by Plaintiffa and Pandora Marketing LLC provides emotional support to clients including family members associates and advisors and directing them to government agencies to voice their concerns caused by Plaintiff and to date, your Affiant(s) are unaware of any proof to the contrary;

205.   Your Affiant(s) are aware Pandora Marketing LLC provides industry updates timeshare evaluation timeshare analysis and review and to date, your Affiant(s) are unaware of any proof to the contrary;

206.   Your Affiant(s) are aware Pandora Marketing LLC distributes monthly full and partial refunds as a result of client dealing with various hardships including car payments, health insurance payments, house payments, groceries, medical treatments, utilities and like and to date, your Affiant(s) are unaware of any proof to the contrary;

207.   Your Affiant(s) are aware SVC - Americana LLC SVC - Hawaii LLC and Shell Vacations LLC are not registered to do business in Florida so therefor have no standing to bring claims in Florida and to date, your Affiant(s) are unaware of any proof to the contrary;

208.   Your Affiant(s)  are aware Pandora Marketing LLC have declarations stating Plaintiff "owners" did not quit making payments as a result of statements or any influence of your Affiant(s) or Pandora Marketing LLC and to date, your Affiant(s) are unaware of any proof to the contrary;

209.   Your Affiant(s) are aware that a partner from Shutts and Bowen aided, promoted, sponsored and mentored Judge Berger, which we believe constitutes a conflict of interest

and to date, your Affiant(s) are unaware of any proof to the contrary;

210.   Your Affiant(s) are aware that Hilton Grand Vacations Incorporated owns Diamond Resorts and to date, your Affiant(s) are unaware of any proof to the contrary;

211.   Your Affiant(s) are aware that Wyndham, Diamond and Bluegreen and their respective attorneys colluded with others to put your Affiant(s) out of business and to date, your Affiant(s) are unaware of any proof to the contrary;

212.   Your Affiant(s) have spent more that 7 figures to build a CRM for Affiant(s) clients to house and protect their information  and to date, your Affiant(s) are unaware of any proof to the contrary;

213.   Your Affiant(s) are aware that Wyndham, Diamond and Bluegreen, along with their attorneys, have put upwards of 14 Time Share Exit organizations, out of business and to date, your Affiant(s) are unaware of any proof to the contrary;

214.   Your Affiant(s) are aware that CSK by way of Jonathan Vine caused a default for your Affiant(s) by way of bad legal advice and to date, your Affiant(s) are unaware of any proof to the contrary;

215.   Your Affiant(s) are aware that "ARDA" or American Resort Development Association and it's chairman Michael Brown may have colluded with others in a attempt to put your Affiant(s) out of business, and to date, your Affiant(s) are unaware of any proof to the contrary;

216.   Your Affiant(s) are aware that under FDUPTA neither Client nor Plaintiff have been proven injured or damaged, therefore Lawyer Defendant  RAG and Jason Krieck

and the Del Mar Law Group are not guilty of committing any crime(s), violation of the

Lanham Act or any tortious interference, and further, the above have spent more than 2

million dollars each in defense costs and to date, your Affiant(s) are unaware of any

proof to the contrary;

217.   Your Affiant(s) are aware aware that under FDUPTA neither Client nor Plaintiff

have been proven injured or damaged, therefore Lawyer Defendant Sean Slattery, as the

prevailing party is subject to recover 4 million dollars and to date, your Affiant(s) are

unaware of any proof to the contrary;

218.   Your Affiant(s) are aware that Plaintiff Wyndham, Plaintiff Diamond and Plaintiff

Bluegreen are not entitled to fees granted under the Lanham Act and/or the FDUPTA

and to date, your Affiant(s) are unaware of any proof to the contrary;

219.   Your Affiant(s) are aware that Time Share Developers are substantially larger than

the Time Share Exit Companies and to date, your Affiant(s) are unaware of any proof to

the contrary;

220.   Your Affiant(s) are aware that "Defendants" are a small law firm and it's main

partner that employs at the most, four attorneys licensed to practice law in the state of

Florida and to date, your Affiant(s) are unaware of any proof to the contrary;

221.   Your Affiant(s) are aware that this disparity creates a risk that a Time Share

Developer or multiple Time Share Developers may ultimately weaponize, and to date,

your Affiant(s) are unaware of any proof to the contrary;

222.   Your Affiant(s) are aware that "due to the significant number of timeshare related

cases, filed in the Florida District Courts and the substantial risk of litigation

weaponization, an award of attorney fees would advance deterrence interest" and to

date, your Affiant(s) are unaware of any proof to the contrary;

223.   Your Affiant(s) are aware that there exists a "systematic execution of successive

lawsuits aimed at overwhelming the alleged defendant(s) as a tactic creaated by Time

Share Developers. and to date, your Affiant(s) are unaware of any proof to the contrary;

224.   Your Affiant(s) are aware that Plaintiff Wyndham filed their lawsuit on 10/4/2019,

served the same on 10/7/2019, Plaintiff Diamond filed their lawsuit on 1/31/2020 and

served on the same day, and Plaintiff Bluegreen filed their lawsuit on 11/13/2020 and

served on 11/16/2020 and to date, your Affiant(s) are unaware of any proof to the

contrary;

225.   Your Affiant(s) are aware that Time Share Developers are bringing Lanham Act

claims and or lawsuits against the Time Share Exit companies that don't qualify as

Lanham Act violations or violate any codes but are simply brought to exhaust your

Affiant(s) ability to cover legal costs and to date, your Affiant(s) are unaware of any

proof to the contrary;

226.   Your Affiant(s) are aware Plaintiff did not plead that they were suing on third

party rights therefore Plaintiff does not have standing and to date your Affiant(s) are

unaware of any proof to the contrary;

227.   Your Affiant(s) are aware Pandora Marketing LLC instructs consumers to first

seek resolution through Plaintiffs prior to seeking resolution with Pandora Marketing

LLC and to date your Affiant(s) are unaware of any proof to the contrary;

228.   Your Affiant(s) are aware as a result of billions in securitization separate entities

(of which hold the loans) were not included as Plaintiffs to ensure protection to sustain

an A rating portfolio and to date your Affiant(s) are unaware of any proof to the contrary.

229.   Your Affiant(s) are aware Judge Berger denied Pandora Marketing LLC of a Jury

trial nor awarded a Bench trial on the basis of unfounded discovery violations and

therefore silencing Pandora Marketing LLC the opportunity to defend itself on merits

and damage claims and to date your Affiant(s) are unaware of any proof to the contrary.

230.   Your Affiant(s) are aware a confidentiality agreement between Plaintiffs and

Defendants was breached; Judge Burger ruled that named breach was out of her

Jurisdiction and therefore gives cause of probability that entire case may be out of her

jurisdiction, a possible violation of Affiant(s) RIGHT of DUE PROCESS and to date

your Affiant(s) are unaware of any proof to the contrary;

231.   Your Affiant(s) are aware that Plaintiff(s) counsel Shutts and Bowen lied in court

during hearing proceedings regarding Plaintiff owning loans when in actuality Plaintiff

later admitted that statement to be false (Plaintiff in fact did not own the loans) and

therefore zero damages to Plaintiff and to date your Affiant(s) are unaware of any proof

to the contrary;

232.   Your Affiant(s) are aware of Plaintiff(s) taking of four depositions of Affiant(s)

clients, while the balance of Affiant(s) clients were not deposed and even so, there was

no proof that your Affiant(s) interfered with any contracts, aand to date, your Affiant(s)

aew unaware of any proof to the contrary;

233.   Your Affiant(s) did not instruct any clients to stop making payments to the Plaintiff's and to date is further unaware of any proof to the contrary;

234.   Your Affiant(s) are aware under FDUPTA neither clients nor Plaintiffs have been proven injured or damaged and therefore Pandora Marketing LLC, the prevailing party, is due attorney fees from Plaintiff(s) and to date your Affiant(s) are unaware of any proof to the contrary;

235.   Your Affiant(s) are aware that the 11th Circuit Court ruling of causation must be established by an individual or by an expert witness with a statistical analysis to determine why payments were stopped and to date, Affiant(s) are unaware of any proof to the contrary;

236.   Your Affiant(s) are aware of client's declarations stating no harm to them has been committed by your Affiant(s) and to date your Affiant(s) are un aware of any proof the contrary;

237.   Your Affiant(s) are aware Johnathan Vine and Cole, Scott & Kissane provided ill-advised imprudent legal counsel, provided insufficient communication, acted in breach of confidentiality, broke attorney client privilege and requested termination without sufficient cause further contributing financial harm to Affiant(s) and to date your Affiant(s) are unaware of any proof to the contrary.

238.   Your Affiant(s) are aware Houston S. Park and Klein Park & Lowe requested blatant untimely termination without cause or reason further contributing financial harm

to Affiant(s) and to date you Affiant(s) are unaware of any proof to the contrary.

239.   Your Affiant(s) are aware that Plaintiff Wyndham, Plaintiff Diamond and Plaintiff

Bluegreen and their attorneys, in their continuing attempts to put your Affiant(s)

permanently out of business have caused your Affiant(s) financial damage and continue

to cause your Affiant's financial harm and to date, your Affiant(s) are unaware of any

proof to the contrary;

240.   Your Affiant(s) are aware that Diamond Resorts Hawaii Collection Development

LLC participated in attempting to put Pandora Marketing LLC and Affiant(s) out of

business and to date your Affiant(s) are unaware of any proof to the contrary;

241.   Your Affiant(s) are aware Diamond Resorts International, Inc participated in

attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date

your Affiant(s) are unaware of any proof to the contrary;

242. Your Affiant(s) are aware Diamond Resorts U.S. Collection Development, LLC

participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business

and to your Affiant(s) are unaware of any proof to the contrary;

243. Your Affiant(s) are aware that Bluegreen Vacations Corporation participated in

attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date

your Affiant(s) are unaware of any proof to the contrary;

244. Your Affiant(s) are aware that Bluegreen Vacations Unlimited, Inc participated in

attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date

your Affiant(s) are unaware of any proof to the contrary;

245. Your Affiant(s) are aware that SVC-Americana, LLC participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

246. Your Affiant(s) are aware that SVC-Hawaii, LLC participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

247. Your Affiant(s) are aware that Shell Vacations, LLC participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

248. Your Affiant(s) are aware that Wyndham Resorts Development Corporation participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

249. Your Affiant(s) are aware that Wyndham Vacation Ownership, Inc participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

250. Your Affiant(s) are aware that Wyndham Vacation Resorts, Inc participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

251. Your Affiant(s) are aware that Alfred Joseph Bennington, Jr participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

252. Your Affiant(s) are aware that Benjamin Travis Brown participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

253. Your Affiant(s) are aware that Eric Christu Participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

254. Your Affiant(s) are aware that Benjamin Francis Elliot participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

255. Your Affiant(s) are aware that Christian Michael Leger Participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

256. Your Affiant(s) are aware that Adriana Pfeiffer participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

257. Your Affiant(s) are aware that Michael James Quinn participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

258. Your Affiant(s) are aware that Glenna's Ortega Rubin participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

259. Your Affiant(s) are aware that Teresa C. Chow participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

260. Your Affiant(s) are aware that Brandon T. Crossland participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

261. Your Affiant(s) are aware that Caroline Dettmer Slye participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

262. Your Affiant(s) are aware that Lindy Kathryn Keown participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

263. You Affiant(s) are aware that Albert G LIn participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

264. Your Affiant(s) are aware that Daniella E. Martinez participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

265. Your Affiant(s) are aware that Marissa A. Peirsol participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

266. Your Affiant(s) are aware that Kayla Marie Prieto participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

267. Your Affiant(s) are aware that Douglas Al Vondeerhaar participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;     .

268. Your Affiant(s) are aware that Emily B. Thomas participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

269. Your Affiant(s) are aware that Jason Brent Gonzalez participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

270. Your Affiant(s) are that Todd Fredrick Kobrin participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

271. Your Affiant(s) are aware that President, CEO and Director, Michael Brown Participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

272. Your Affiant(s) are aware that Chief Human Resources Officer Kimberly Marshall, participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

273. Your Affiant(s) are aware that Chief Membership Officer, Fiona Downing participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

274. Your Affiant(s) are aware that Chief Sales and Marketing Officer Wyndham Destinations, JeffMyers participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

275. Your Affiant(s) are aware that Chief Financial Officer, Jim Mikolaichik participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

276. Your Affiant(s) are aware that Executive Vice President of Global Human Resources, Steve Bell participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

277. Your Affiant(s) are aware that Executive Vice President, Global Resort Operations Ronan O'gorman Participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

278. Your Affiant(s) are aware that Chairman of the Board, President and CEO, Alan Levantine participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

279. Your Affiant(s) are aware that Chief Operating Officer, EVP, Chief Financial Officer and Treasurer Raymond Lopez participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

280. Your Affiant(s) are aware that EVP, Chief Human Resources Officer Justin Taylor participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

281. Your Affiant(s) are that EVP, Chief Legal and Compliance Officer, Jorge de la OSA participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

282. Your Affiant(s) are aware that EVP, Chief Sales and Marketing Officer, Dusty Tonkin participated in attempting to put Pandora Marketing LLC and Affiant(s) out of business and to date your Affiant(s) are unaware of any proof to the contrary;

283.   To-Date, the costs not including, loss costs, research costs, consequential costs, lost opportunity costs, frivoulous litigation costs, indemnity exposure costs, and attorney fees, hereinafter: Time, Labor and Litigation is determined in the amount of 41 Million dollars and 28 cents, and to date, your Affiant(s) are unaware of any proof to the contrary;;

284.   To-Date, the invoiced costs for retained legal defense is determined in the amount of 8 Million ,207 Thousand, 900 U.S. dollars and 7 cents, and to date,your Affiant(s) are unaware of any proof to the contrary;

285.  To-Date, the costs relating to lost opportunity is determined as a result of not being able to reinvest back into business for 3 years, in the amount of $91 Million Dollars and to date, your Affiant(s) are unaware of any proof to the contrary;

286.  To-date, the Total Amount of costs related to this case stands at  $ 140,000,000.35 (One Hundred Forty Million and Thirty Five USD) and

(Left Blank on Purpose)

//

//

//

//

//

//

//

//

//

//

//

////

Your Affiant(s) sayeth not.

By: _____
William Wilson, TRUSTEE,  All Rights Reserved

By: _____
Rich Folk, TRUSTEE,  All Rights Reserved

**State of California**

**County of** _____Orange_____

**Subscribed and sworn to (or affirmed) before me this** 21st **day of November, 2022,**

**by** William Wilson, Trustee & Rich Folk, Trustee **, proved to me on**

**the basis of satisfactory evidence to be the person(s)**

**who appeared before me.**

LESLIE E. LEATH
COMM. #2358536
Notary Public · California
Orange County
My Comm. Expires June 19, 2025
NRO1
NRO1

_____
**NOTARY PUBLIC**

**My commission expires:** June 19, 2025

## NOTICE OF FILING

**NOTICE IS HEREBY GIVEN** that on November 21st, 2022  William Wilson,
Authorized Representative of WILLIAM WILSON, Trustee and Rich Folk, Authorized
Representative of RICH FOLK, Trustee did file with the **UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO
DIVISION CASE NO:19-CV-01908-WWB-EJK** an AFFIDAVIT OF FACT, a copy
of which is attached hereto and incorporated herein by reference.

All crimes are commercial, and in commerce truth is sovereign.  Truth is
expressed in the form of an affidavit. An "UNREBUTTED" affidavit stands as truth in
commerce. An "UNREBUTTED" affidavit stands as judgment in commerce.  The
information contained in the affidavit will become the facts of the case and the possible
subject of "DISCOVERY" should the affidavit remain "UNREBUTTED" within the
time reflected by this notice.
This notice binds all parties to the affidavit, to the stated facts and becomes an
agreement in equity.  **Further Notice is hereby given** that you have fifteen (15) days
from November 21st, 2022 to rebut said affidavit, point by point lest you be deemed to
accept and assent to the facts contained therein.


By: _____
William Wilson, TRUSTEE, and Reserving All Rights


By: _____
Rich Folk, TRUSTEE, and Reserving All Rights

State of California

County of ___ORANGE_____

Subscribed and sworn to (or affirmed) before me this __21st_ day of November, 2022,

by _William Wilson, Trustee ; Rick Fox, Trustee_____, proved to me on

the basis of satisfactory evidence to be the person(s)

who appeared before me.

_Leslie E. Leath_____

NOTARY PUBLIC

LESLIE E. LEATH
COMM. #2358536
Notary Public · California
Orange County
My Comm. Expires June 19, 2025

My commission expires    June 19, 2025

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of November, 2022, a true and correct copy of the foregoing has been served via email to all participants and otherwise served via U.S. Mail, upon the following non- Participants:

Alfred J. Bennington, Jr.
   Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave.
Orlando, FL 32801
(407) 835-6755 (Tel)
(407) 849-7255 (Fax)
bbennington@shutts.com

Eric C. Christu
Shutts & Bowen, LLP
525 Okeechobee Blvd, Ste 1100
West Palm Beach, FL 33401-6351
(561) 650-8566 (Tel)
(561) 671-5900 (Fax)
EChristu@shutts.com

Benjamin Francis Elliott
Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave. Orlando, FL 32801
(407) 481-6513 (Tel)
belliott@shutts.com

Jason Brent Gonzalez
Shutts & Bowen, LLP
215 S Monroe St Ste 804
Tallahassee, FL 32301-1858
(850) 241-1717 (Tel)
(850) 241-1716 (Fax)
jasongonzalez@shutts.com

Todd Fredrick Kobrin
Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave.
Orlando, FL 32801
(407) 835-6766 (Tel)
(407-425-8316 (fax)
tkobrin@shutts.com

Christian Leger
Shutts & Bowen LLP
Suite 1600
300 South Orange Avenue Orlando, FL 32801
(407) 835-6755 (Tel)
(407) 849-7255 (fax)
cleger@shutts.com

Michael James Quinn
Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave. Orlando, FL 32801 407/835-6773
(407) 849-7246 (fax)
mquinn@shutts.com

Glennys Ortega Rubin
Shutts & Bowen, LLP
Suite 1600
300 S Orange Ave. Orlando, FL 32801
(407) 835-6755 (Tel)
(407) 849-7255 (Fax)
grubin@shutts.com

Michael Brown
President, Chief Executive Officer and Director – Travel + Leisure
6277 Sea Harbor Drive
Orlando, FL 32821

Michael Hug
Executive Vice President, Chief Financial Officer – Travel + Leisure
6277 Sea Harbor Drive
Orlando, FL 32821

Kimberly Marshall
Chief Human Resources Officer – Travel + Leisure
6277 Sea Harbor Drive
Orlando, FL 32821

Fiona Downing
Chief Membership Officer – Travel + Leisure
6277 Sea Harbor Drive
Orlando, FL 32821

Jeff Myers
Chief Sales and Marketing Officer - Wyndham Destinations
6277 Sea Harbor Drive
Orlando, FL 32821

Barry Robinson
President and Managing Director of International Operations - Wyndham
Destinations
6277 Sea Harbor Drive
Orlando, FL 32821

The foregoing instrument was sworn to and subscribed before me this _____ day of

_____, 2022, by _____, as_____ of

COLLABORATIVE ADMINISTRATIVE TRUST, a Express Trust organization, who is:

_____ personally known to me OR

_____ has produced _____ as identification.


_____
Notary Public


Print Name: _____

Notary Stamp
Serial No. (if any):

        Commission Expires:

Fill in this information to identify the case:

Debtor name **Pandora Servicing LLC**

United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Bluegreen Vacations Co. 4960 Conference Way N #100 Boca Raton, FL 33431 | | **Pending litigation against the Debtor and other named defendants** | **Contingent Unliquidated Disputed** | | | $ Unknown |
| Diamond Resorts U.S. c/o Baker & Hostetler LLP Albert G. Lin, Esq. 200 Civic Center Drive, Ste 1200 Columbus, OH 43215-4234 | | **Pending litigation against the Debtor and other named defendants** | **Contingent Unliquidated Disputed** | | | $ Unknown |
| Franchise Tax Board Bankruptcy Section MS: A-340 PO Box 2952 Sacramento, CA 95812-2952 | | **Annual filing fee for 2021 and 2022** | | | | $2,400.00 |
| Wyndham Vacation Ownership Inc et al. c/o Alfred J. Bennington, Jr. Shutts & Bowen Keene's Point 6114 Greatwater Drive Windermere, FL 34786 | | **Pending litigation against the Debtor and other named defendants** | **Contingent Unliquidated Disputed** | | | $ Unknown |

## United States Bankruptcy Court
### Central District of California

In re  **Pandora Servicing LLC** _____  Case No. _____

_____ Debtor(s)  Chapter  **11** _____

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Collaborative Administrative Trust**<br>**26970 Aliso Viejo Pkwy Ste 150**<br>**Aliso Viejo, CA 92656** | | | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, William Wilson, the **Co-Trustee of the Collaborative Administrative Trust** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  Jan 11, 2023 _____  Signature  _William Wilson_
William Wilson ( trustee) (Jan 11, 2023 19:57 MST)
**William Wilson**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Aliso Viejo**_____ , California.

Date:  Jan 11, 2023_____

William Wilson ( trustee) (Jan 11, 2023 19:57 MST)
**William Wilson**
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                                    Page 1            **F 1015-2.1.STMT.RELATED.CASES**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re **Pandora Servicing LLC** _____

Debtor.

Case No. _____

Chapter **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept  A RETAINER OF_____    $ _____ 20,000.00

   Prior to the filing of this statement I have received A RETAINER OF_____    $ _____ 20,000.00

   Balance Due_____    $ _____ 0.00

2. The source of the compensation paid to me was:

   ☐ Debtor    ☑ Other (specify):    **Light on Marketing paid the $20,000.00 retainer and the $1,738.00 filing fee.  Light on Marketing is not a creditor of the Debtor and paid the retainer and the filing fee as a gift contribution to the Debtor.**

3. The source of compensation to be paid to me is:

   ☑ Debtor    ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_1/11/2023_____
Date

_____
**Michael Jay Berger**
*Signature of Attorney*
**Law Offices of Michael Jay Berger**
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**
**(310) 271-6223  Fax: (310) 271-9805**
**michael.berger@bankruptcypower.com**
*Name of law firm*

| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**(310) 271-6223 Fax: (310) 271-9805**<br>California State Bar Number: 100291 CA<br>E-mail: Michael.Berger@bankruptcypower.com | |

☑ *Attorney for: Pandora Servicing LLC*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>   **Pandora Servicing LLC**<br>Debtor.<br><br>Plaintiff(s),<br><br><br>Defendant(s). | CASE NO.:<br>ADVERSARY NO.:<br>CHAPTER:   11<br><br>**CORPORATE OWNERSHIP STATEMENT PURSUANT TO  FRBP 1007(a)(1) and 7007.1, and LBR 1007-4**<br><br>[No hearing] |
|---|---|

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,   **William Wilson**_____ , the undersigned in the above-captioned case, hereby declare
     *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.      I have personal knowledge of the matters set forth in this Statement because:

☑ I am the president or other officer or an authorized agent of the Debtor corporation

☐ I am a party to an adversary proceeding

☐ I am a party to a contested matter

☐ I am the attorney for the Debtor corporation

2.a.   ☑ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's equity interests: **Collaborative Administrative Trust owns a 100% of the Debtor's equity interest.**
        See Addendum

b.      ☐ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Jan 11, 2023
_____
Date

By: _____
     William Wilson (Lawyer - Jan 11, ...)
     Signature of Debtor, or attorney for Debtor

Name:   **William Wilson**
        _____
        Printed name of Debtor, or attorney for
        Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                               **F 1007-4.CORP.OWNERSHIP.STMT**

## Addendum to Corporate Ownership Statement Pursuant to
## F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

**The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:**

Collaborative Administrative Trust
26970 Aliso Viejo Pkwy Ste 150
Aliso Viejo, CA 92656

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                    **F 1007-4.CORP.OWNERSHIP.STMT**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**(310) 271-6223 Fax: (310) 271-9805**<br>**California State Bar Number: 100291 CA**<br>michael.berger@bankruptcypower.com | |

☐  *Debtor(s) appearing without an attorney*

■  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>            **Pandora Servicing  LLC**<br><br><br><br><br><br><br>                                                    Debtor(s). | CASE NO.:<br>CHAPTER: 11<br><br><br>**VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|---|---|

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of _3_ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: __Jan 11, 2023__

_William Wilson ( trustee) (Jan 11, 2023 19:57 MST)_
Signature of Debtor 1

Date: _____

Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: __1/11/2023__

Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                                **F 1007-1.MAILING.LIST.VERIFICATION**

Pandora Servicing  LLC
26970 Aliso Viejo Pkwy Ste 150
Aliso Viejo, CA 92656


Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212


Adriana Pfeiffer
Shutts and Bowen LLP
640 Dunblane Drive
Winter Park, FL 32792


Bigly Internet Marketing, LLC
2807 Bayshore Blvd
Tampa, FL 33629


Bluegreen Vacations Co
4960 Conference Way N #100
Boca Raton, FL 33431


Carlsbad Law Group
5050 Avenida Encinas
Carlsbad, CA 92008


Daniella E. Martinez
Baker and Hostetler LLP
811 Main Street, Ste 1100
Houston, TX 77002


Diamond Resorts U.S.
c/o Baker & Hostetler LLP
Albert G. Lin, Esq.
200 Civic Center Drive Ste 1200
Columbus, OH 43215-4234

Eric C. Christu
Shutts & Bowen, LLP
525 Okeechobee Blvd. Ste 1100
West Palm Beach, FL 33401-6351


Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812-2952


Intermarketing Media, LLC
dba Resort Advisory Group
8961 Research Dr., Suite 200
Irvine, CA 92618


Pandora Marketing LLC
fka Timeshare Compliance, LLC
26970 Aliso Viejo Pkwy Ste 150
Aliso Viejo, CA 92656


Power Haus Marketing Inc.
445 S Figueroa Street
Los Angeles, CA 90071


Richard Folk
26970 Aliso Viejo Pkwy Ste 150
Aliso Viejo, CA 92656


Slattery, Sobel & Decamp, LLP
12250 El Camino Real, Ste 120
San Diego, CA 92130


William Wilson
26970 Aliso Viejo Pkwy Ste 150
Aliso Viejo, CA 92656

Wyndham Vacation Ownership et al
c/o Alfred J. Bennington, Jr.
Shutts & Bowen Keene's Point
6114 Greatwater Drive
Windermere, FL 34786


Yuge Internet Marketing, LLC
214 S Cedar Avenue
Tampa, FL 33606